EASTERN DIST.
*March*, 1832.

CHILDRESS
*vs.*
ALLEN.

CHILDRESS *vs.* ALLEN.

3L 477
49 398

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

The creditor cannot treat a conveyance as null, and proceed to sell the property. He must bring an action to set aside the conveyance, before he can levy his execution.

The purchaser of property at a forced sale, is not subrogated to the rights of the judgment creditor. .

Where property has been fraudulently alienated, if it be subsequently sold by the sheriff, for the vendor's debts, the purchaser at that sale, and who was not a creditor of the vendor, cannot attack the conveyance.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

This action is brought to set aside a conveyance, from the father to his son, on the ground of its being fraudulent against creditors. The petitioner states, that one Stephen Bottom, was a creditor of William Allen, and received judgment against him; that on this judgment, an execution issued, and in virtue of it, a tract of land was seized and exposed to sale, which was purchased by the petitioner. The petition

prays, that the sale may be annulled ; that the land may be decreed to belong to the plaintiff, *and* that he may obtain possession of it.

The defendant filed an exception, on the ground, that the plaintiff was not a creditor of the vendor, at the time the act was passed, and was without right to attack the conveyance. The court overruled the exception, and the defendant answered over.   Denying the facts set out in the petition, averring the transaction, between father and son, to have been *bona fide*, and for a valuable consideration.  They further averred, that the sale to the plaintiff, by the sheriff, was made without any legal seizure, and conveyed no right in the property, to the petitioner.

The cause was submitted to a jury, who found a verdict, declaring the donation from William Allen to his son, null and void, and also the sheriff's sale to the plaintiff, to be null and void.

On this verdict, the court rendered judgment, in these words, " the law and evidence, being in favor of the plaintiff, it is ordered, &c., that the act mentioned in the plaintiff's petition, as an act of donation from William Allen to Stephen Allen, be avoided and set aside, and that the sheriff's sale to Burling Childress, be adjudged and decreed null and void, and it is further ordered and decreed, that the defendants pay the costs of this suit."

The jury having found, the plaintiff was without title to the land, the  question arises, what right he had to attack the conveyance of Allen to his son, on the ground of fraud.    The inquiry, we  perceive, was gone into in the court below, and the opinion of the judge, accounts in some measure, for the verdict of the jury.

The defendant requested the court, to charge the jury, " that if they found the sale of the sheriff illegal and void, they must find generally for the defendant."   The judge refused to do so, but on the contrary, told the jury, " that they could find the sale from Allen to Allen, and the sheriff's sale to the plaintiff, both void ;" and again he told them, " if gentlemen, you believe the sale, from William Allen to Stephen

Allen, was made in fraud of creditors, you are now bound to set it aside, the plaintiff being a creditor, sebrogated to the right of Bottom."

If the plaintiff was subrogated to the right of the judgment creditor, a very serious question would arise, whether he could maintain the action. The creditor was not authorised to treat the conveyance as null, and seize and sell the property which had passed to the vendee. The law required him to bring an action to set the alienation aside, and to succeed in that action, before he could levy his execution, on the property embraced by the conveyance. It is not, therefore, easy to see, how the creditor, by a forced sale, could convey to the purchaser, a greater right than he possessed himself. But a positive opinion on this point need not be expressed, as we are clear, the plaintiff was not subrogated to the rights of the creditor.

*The creditor cannot treat a conveyance as null, and proceed to sell the property—he must first bring an action to set aside the conveyance before he can levy his execution.*

No conventional subrogation is shown. We must therefore, inquire, whether there was a legal subrogation. The Louisiana Code, article 2157, specifies the cases, in which payment by another than the debtor, produces a transfer of the creditor's rights, and the discharging a judgment debt, by a purchase at a forced sale, is not one of them. Such an act, indeed, cannot be satisfactorily distinguished from payment made to the creditor, without a sale of the debtor's property, by a person not having an interest to discharge the debt. The law only permits this, on the condition, that the party paying, should not be subrogated by the act of payment, to the rights of the creditor. *Louisiana Code,* 2130.

*The purchaser of property at a forced sale, is not subrogated to the rights of the judgment creditor.*

The 711th article of the Code of Practice, it is true, gives an action of warranty against the debtor, where the purchaser is evicted by a better title in a third person. But this action only arises, on a sale legally made. Where the alienation takes place contrary to law, the debtor in execution, may sue for, and recover the thing sold. Although, in such a case, there is no warranty, which prevents him being restored to the possession of the object sold, he must return the money which has been applied to the discharge of his debt. But this is not because the purchaser is subrogated to the rights of the creditor, for subrogation, even admitting it to arise on a

EASTERN DIST.
*March*, 1832.

sale regularly made, could not take place on one made contrary to law. But because it is unjust, the debtor should enrich himself at the expense of another. 11 *Martin*, 615, *Dufour* vs. *Camfranc*.

From evidence on record, we think, the jury well authorised to conclude the sale was fraudulent, but in our opinion, the plaintiff had no authority to attack the conveyance ; the judgment of the inferior court, must therefore, be reversed, and ours be for defendant, as in case of non-suit.

It is therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and it is further ordered and decreed, that there be judgment for defendant, as in case of non-suit, the plaintiff paying costs in both courts.